```
United States District Court
Southern District of New York
```
───────────────────────────────────────

**In re**

**JOHNS-MANVILLE CORPORATION, ET AL.,**
                    Debtors.

11 Civ. 1312 (JGK)
11 Civ. 1329 (JGK)

<u>OPINION AND ORDER</u>

───────────────────────────────────────

**THE TRAVELERS INDEMNITY COMPANY and TRAVELERS CASUALTY AND SURETY COMPANY,**
                    Appellants,

    - against -

**COMMON LAW SETTLEMENT COUNSEL, ET AL.,**
                    Appellees.

───────────────────────────────────────

**COMMON LAW SETTLEMENT COUNSEL,**
                    Appellants,

    - against -

**THE TRAVELERS INDEMNITY COMPANY and TRAVELERS CASUALTY AND SURETY COMPANY,**
                    Appellees.

───────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    This is a motion by Common Law Settlement Counsel[1] to certify two appeals to the Court of Appeals for the Second Circuit: (1) an appeal filed by Travelers Indemnity Company and Travelers Casualty and Surety Company (collectively,

---

[1] The parties that filed this motion and the underlying motion for contempt do not include all of the Common Law Settlement Counsel involved in the full case. For ease of reference, "Common Law Settlement Counsel" is used throughout this order to refer only to the parties who filed those motions.

"Travelers") from a decision and order of the Bankruptcy Court granting motions to compel Travelers to pay settlement proceeds now liquidated in the amount of $102,167,212.31; and (2) an appeal filed by Common Law Settlement Counsel from the Bankruptcy Court's denial of a motion for contempt against Travelers based on Travelers' failure to pay the settlement amount while it sought to appeal the order.  Common Law Settlement Counsel argue that the appeals satisfy 28 U.S.C. § 158(d)(2)(A)(i), in that the appeals involve "a matter of public importance," and section 158(d)(2)(A)(iii), in that certification "may materially advance the progress of the case or proceeding in which the appeal is taken," and therefore that this Court is required to certify these appeals to the Court of Appeals for the Second Circuit.[2]

---

[2] In whole, section 158(d)(2)(A) reads:

> (2)(A)  The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that —
>
> > (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> >
> > (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> >
> > (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;

The motion for certification is denied.

Common Law Settlement Counsel make no argument as to why the appeal of the order denying the contempt motion warrants immediate appeal to the Court of Appeals.  That appeal concerns solely the Bankruptcy Court's decision not to hold Travelers in contempt for its failure to comply with an order requiring it "to immediately satisfy its payment obligations pursuant to the Settlement Agreements" while it made a motion (filed within 24 hours of the order) to appeal that order.  In re Johns-Manville Corp., 440 B.R. 604, 615 (Bankr. S.D.N.Y. 2010).  Common Law Settlement Counsel do not even attempt to argue that this appeal would satisfy the requirements of section 158(d)(2).

The appeal of the decision and order requiring the payment of the settlement proceeds plainly raises a closer question.  However, this decision and order also fails to satisfy the statutory requirement for an immediate appeal to the Court of Appeals.  The amount of the settlement is plainly substantial and the number of potential claims is large, but the issues involved are solely issues of contract interpretation, namely whether the Bankruptcy Court correctly interpreted the Common Law Settlement Agreement to require payment of the settlement amounts at this stage of the litigation despite Travelers'

---

and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

complaint that it remained subject to claims for contribution and indemnity by Chubb.  This is a private contract dispute that is not the type of "matter of public importance" that is within the meaning of section 158(d)(2)(A)(i).  See, e.g., In re Gen. Motors Corp., 409 B.R. 24, 28-29 (Bankr. S.D.N.Y. 2009) (denying motion for certification where movants contested "a matter of statutory interpretation and common law analysis," even though the issue was "undoubtedly . . . important to the individual litigants" and the overall bankruptcy case was arguably "a matter of public importance"); see also 1 Collier on Bankruptcy ¶ 5.06[5][b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010) ("The bar for certification under this standard should be set high.").  Rather, that section was intended to expedite appeals that involve issues of public import that "transcend the litigants and involve a legal question the resolution of which will advance the cause of jurisprudence to a degree that is usually not the case."  1 Collier on Bankruptcy ¶ 5.06[5][b]; see also Weber v. U.S. Trustee, 484 F.3d 154, 158 (2d Cir. 2007) ("Congress intended [§ 158(d)(2)] to facilitate our provision of guidance on pure questions of law.").[3]

---

[3] Collier does recognize that a court might find a matter to be of public importance if it could impact a large number of jobs or other vital interests of the community.  But that basis appears to be in tension with Weber's conclusion that section 158(d)(2)(A) was intended to facilitate the decision of pure questions of law.

4

The appeal of the decision and order requiring the payment of settlement proceeds also fails to satisfy the requirement of section 158(d)(2)(A)(iii) because it would not materially advance the progress of the litigation. The Bankruptcy Court has issued a final judgment. This is not the case of an interlocutory appeal where a prompt ruling by the Court of Appeals will advance the ongoing litigation in the Bankruptcy Court. Rather, the only argument for expedition is that the appeal will be quicker because it need only be heard by one court — the Court of Appeals. That argument can be made in every case where there is an appeal involving a final judgment of the Bankruptcy Court. If valid, the argument would eliminate appeals to the District Court, contrary to the statement by the Court of Appeals that the normal appellate process should proceed so that the Court of Appeals is provided with the views of the District Court to aid in the fair decision of the appeal. See Weber, 484 F.3d at 160 ("Congress was aware of the dangers of leapfrogging the district court in the appeals process . . . [and probably recognized] the salutary effects of allowing some cases to percolate through the normal channels.").

There is in fact no reason to believe that immediate certification would expedite the appeals. The appeals will soon be fully briefed before this Court. If the Court certified the appeals to the Court of Appeals that certification would have to

5

be reviewed by the Court of Appeals, which may well not grant certification. See generally id. (discussing standards that the Court of Appeals applies in determining whether to accept certification). In that situation, the certification process would have lengthened the appellate process rather than advanced it. In any event, as the Court of Appeals instructed, "[Congress] did not wish . . . to privilege speed over other goals; indeed, speed is not necessarily compatible with our ultimate objective -- answering questions wisely and well." Id. at 160.

The motion for certification is denied. The Clerk is directed to close Docket No. 5 in No. 11 Civ. 1312 and Docket No. 4 in No. 11 Civ. 1329.

**SO ORDERED.**

Dated:   New York, New York
         April 15, 2011

John G. Koeltl
United States District Judge